[Civ. No. 2300.   Fourth Appellate District.—May 20, 1939.]

ELLEN DONKIN, Respondent, v. WADE KILLEFER et al.,
Appellants.

Ratzer, Bridge & Gebhardt and Charles B. De Long for Appellants.

David N. Wemyss and J. C. Hizar for Respondent.

BARNARD, P. J.—This is an action for the unpaid balance of a promissory note, the complaint alleging that the note was originally secured by a deed of trust the security of which has, without fault of the plaintiff, become valueless.

On May 1, 1931, the plaintiff, through a real estate agent, John H. Kibler, sold sixteen acres of land to the defendants for $4,150, taking back a note and trust deed for $3,500. On October 29, 1931, the defendants sold five acres of the land to Kibler for $1200, which amount was paid to the plaintiff and applied upon the note. On November 3, 1931, the defendants sold the remainder of the property to Kibler, subject to the trust deed indebtedness, and received from him other property in exchange for their equity.

The complaint in this action was filed on April 28, 1937. On September 17, 1937, the defendants filed an answer alleging that on May 1, 1931, the plaintiff agreed to sell this property to John H. Kibler; that "as a matter of business convenience" title was taken in the name of the defendants for the use and benefit of said Kibler; that as a part of said transaction the defendant signed the note and trust deed; that the plaintiff knew that the defendants were signing the note under these circumstances; and that the defendants received no consideration for signing said note. On November 17, 1937, a further defense was added to the answer by amendment, alleging that the sale of said land was secured by false and fraudulent representations made by the plaintiff to these defendants to the effect that the land in question was adapted to and suitable for the growing of avocados; that

said representations were false in every respect; that the defendants believed the same and in reliance thereon undertook to purchase said real estate; that the defendants had sold five acres of the land for $1200 and paid the entire amount to the plaintiff; and that "the remaining portion of said land is without value and that defendants hereby tender to plaintiff a deed to said property". The only prayer of the answer is that the plaintiff take nothing by reason of her complaint.

At the trial evidence was introduced supporting the allegations of the complaint. Among other things, there was evidence that the land in question had been later sold to the Vista Irrigation District for nonpayment of assessments and that, thereafter, this district brought a quiet title action against Kibler in which its title was quieted by a decree entered on April 10, 1937. After the plaintiff had finished her case the defendants sought to introduce evidence in support of the allegations of fraud contained in their answer. They offered to prove that the plaintiff, at the time she listed the property for sale with Kibler, had told him "that this was good avocado land, that it had been tested and ought to be good avocado land"; that Kibler "conveyed this information to Mr. Killefer who personally did not inspect the land"; that these representations were relied upon; and that the land was not fit for avocado raising. Objections to the introduction of the offered testimony were sustained and a judgment was entered in favor of the plaintiff, from which this appeal was taken.

The sole question for consideration is whether the court erred in refusing to permit the introduction of evidence in support of the defense of fraudulent representations in the sale of this land.

██ It is well established that a purchaser of land who desires to rescind upon the ground of fraudulent representations must act promptly upon discovery of the fraud. It is equally well established that such a purchaser may, instead of rescinding, affirm the contract and, by appropriate allegations, set up the fraud and his claim of damage as an offset, to that extent, in defense of an action brought for the balance of the purchase price. ██ The appellants here failed to allege when they discovered the alleged fraud, or any facts entitling them to a rescission. Although they attempted to

tender a deed by their answer they had placed themselves in a position where they could not make that tender good. There was no attempt in their answer to allege any facts with respect to any damage suffered by them, or the amount thereof, or which raised such an issue.

Aside from the matter of pleading, and aside from other considerations, the appellants here are hardly in a position to claim the benefit of the general rule permitting a purchaser of land, after discovery of a fraud, to affirm the contract and offset his damage against a claim for the balance of the purchase price. If they discovered the fraud before they sold the remainder of the land to Kibler, they waived the fraud in thus dealing with the land and treating the debt as valid and the trust deed as a subsisting encumbrance. On the other hand, if they did not discover the fraud until after that sale they got the benefit of their bargain, and sold it in the belief that it was the kind of land it was represented to be. They could not be damaged if they got what they considered as its full value, if it had been as represented. Having sold it and parted with title on that basis, they lost nothing as the result of any representations which might have been made. In selling subject to the trust deed they expected Kibler to pay the amount thereof and, in effect, they are now trying to charge the respondent for a loss they have suffered because their vendee has failed to do what they expected him to do, namely, pay the trust deed indebtedness. If they have no recourse against Kibler it is because they neglected to insert in the deed to him a provision whereby he assumed and agreed to pay the debt.

A further consideration is that the appellants have, by their acts or omissions, changed the position of the respondent. In general, it is the duty of a mortgagor or one giving a trust deed upon property to pay all taxes and assessments and, in that respect, preserve the property as security for the amount of the debt. In the instant case the appellants have dealt with the property in such a manner that the respondent's security has been destroyed, thus changing her position. Assuming that the appellants would otherwise have had a right to affirm the contract and offset their claim for damage against the balance of the purchase price, they would have had to affirm the entire contract including the trust deed, sub-

ject only to any offset which the court might allow as compensation for the damage suffered. This they are no longer able to do, having made it impossible to affirm the contract in its entirety and leave the respondent in the same position, except for any deduction to which they might be entitled on account of any damage suffered.

For the reasons given the rulings complained of were not erroneous.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1939.